### RICHARD J. SMITH *v.* WARDEN OF CONNECTICUT STATE PRISON

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 139931

Memorandum filed November 25, 1964

*Richard J. Smith,* pro se.

*John D. LaBelle,* state's attorney, for the defendant.

PALMER, J. This is a petition for a writ of habeas corpus alleging unlawful imprisonment. The peti-

tioner pleaded guilty to one count of breaking and entering with criminal intent and one count of larceny in excess of $250 but not in excess of $2000. He received an effective sentence of not less than three years nor more than eight years in the state prison, where he is now confined.

It is the petitioner's sole claim that his confinement is illegal because he was prosecuted by an information of a state's attorney and not by an indictment of a grand jury, and that such procedure violates the equal protection clause of the fourteenth amendment to the federal constitution, which provides as follows: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. If this claim has constitutional validity, the gates of the state prison will open to all but a very few of its inmates, as they were prosecuted by information of a state's attorney and not by a grand jury indictment.

The procedure complained of here, where the petitioner was prosecuted upon an information and not by grand jury indictment, has been held not to violate the due process clause of the fourteenth amendment. *Hurtado* v. *California,* 110 U.S. 516; *Kennedy* v. *Walker,* 135 Conn. 262. However, in this case the petitioner chooses to rely solely on the above quoted equal protection clause of the fourteenth amendment.

The constitution of Connecticut provides: ". . . no person shall be holden to answer for any crime, the punishment of which may be death or imprisonment for life, unless on a presentment or an indictment of a grand jury . . . ." Conn. Const. art. 1 § 9. We have a statute which provides as follows: "For all crimes not punishable by death or imprisonment for life, the prosecution may be by complaint or in-

formation." General Statutes § 54-46. In this state, all persons charged with crimes punishable by death or life imprisonment are prosecuted only by indictment of a grand jury. All persons charged with other crimes are prosecuted by information.

It appears to be the petitioner's contention that he was discriminated against because he was not prosecuted in the same manner as persons who are charged with crimes punishable by death or life imprisonment. But it is clear that he is not in the classification of persons so charged, and he is not entitled to the same procedure as is accorded those so charged. Equal protection of the laws means only that the same procedures must be applied to all persons in a state in a like situation. In Connecticut, all persons charged with crimes which may not be punishable by death or life imprisonment are prosecuted by information and not by grand jury indictment. The petitioner was in this classification of persons. All persons charged with crimes punishable by death or life imprisonment are prosecuted by indictment. The petitioner was not in this classification. Each person in each classification must be treated equally with every other person in his classification. Equal protection does not require him to be treated as are persons in another classification. The petitioner was in fact treated equally with all others in the same classification with him. The constitutional requirement of equal protection of the laws is fulfilled when all persons similarly situated are accorded equal protection under the law in the enjoyment of rights belonging to all. *State ex rel. Brush* v. *Sixth Taxing District,* 104 Conn. 192, 200.

The petition for a writ of habeas corpus is denied.